-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHELLE L. KIELBASINSKI,

        Plaintiff,

    -v-                                08-CV-6076T

SEARS HOME IMPROVEMENT PRODUCTS,      **ORDER**
INC., and
SEARS, ROEBUCK & CO.,

        Defendants.

---

    Plaintiff Michelle Kielbasinski, proceeding *pro se*, has filed this action seeking relief pursuant to 42 U.S.C. § 2000e et seq., and has paid the filing fee. She alleges that she was subjected to improper discrimination based on her gender, and subjected to retaliation.

    Plaintiff has attached exhibits that establish that she pursued her claims in the New York State Division of Human Rights, but she has not attached a copy of her "right to sue" letter from the Equal Employment Opportunity Commission ("EEOC"). She indicates that she intends to amend her pleading when she receives it.

    Individuals may bring Title VII claims in federal court only after filing a timely charge of employment discrimination with the EEOC and receiving a right-to-sue letter. 42 U.S.C. § 2000e-5(e); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001). Administrative exhaustion is an essential

element of Title VII's statutory scheme, the purpose of which is to avoid unnecessary judicial action by the federal courts by "[giving] the administrative agency the opportunity to investigate, mediate, and take remedial action." Stewart v. United States Immigration & Naturalization Service, 762 F.2d 193, 198 (2d Cir. 1985). Courts have explained, however, that "the district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies, the requirement is theoretically 'subject to waiver, estoppel, and equitable tolling.'" O'Neal v. State Univ. of N.Y., No. 01 CV 7802, 2003 WL 1524664, at *4 (E.D.N.Y. Mar. 24, 2003) (quoting Francis v. City of New York, 235 F.3d 763, 767 (2d Cir. 2000)). Further, courts in this circuit have held that premature filing does not defeat a Title VII complaint. See, e.g., Molokwu v. City of New York, Not Reported in F.Supp.2d, 2000 WL 1056314 (S.D.N.Y. 2000); Gadbois v. Rock-Tenn Co., Mill Div., Inc., 984 F.Supp. 811, 817 (D.Vt. 1997); Lundy v. OOCL (USA), Inc., No. 97 Civ. 3899, 1997 WL 570582, at *2 (S.D.N.Y. Sept. 11, 1997); Kounitz v. Slaatten, 901 F.Supp. 650, 655 (S.D.N.Y. 1995); People v. Holiday Inns, Inc., 656 F.Supp. 675, 678 (W.D.N.Y. 1984).

Here, plaintiff indicates that she has presented her claims to the EEOC, but that she has not yet received the "right to sue" letter. In light of the potential issues as to whether the action has been filed prematurely, and the relative ease with which the issue may be resolved, plaintiff is directed to respond to this

Order by **April 11, 2008**, providing a copy of the "right to sue" letter or otherwise informing the Court as to the status of the EEOC review of her claim.

**SO ORDERED.**

                                                              s/Michael A. Telesca
                                                              MICHAEL A. TELESCA
                                                  United States District Judge

Dated:     February 29, 2008
            Rochester, New York